IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CR-15-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHNIE WAYNE CULPEPPER, | ) | |
| | ) | |
| Defendant. | ) | |

On June 10, 2024, Johnie Wayne Culpepper ("Culpepper" or "defendant"), proceeding pro se, filed a motion for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 55] and a memorandum in support of his motion [D.E. 56]. On October 8, 2024, through counsel, Culpepper filed a memorandum and exhibits in support of his motion [D.E. 66]. On October 28, 2024, the United States responded in opposition [D.E. 68]. As explained below, the court denies Culpepper's motion for compassionate release.

I.

On August 8, 2022, with a written plea agreement, Culpepper pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count one), possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count three), and possession of a firearm in furtherance of a drug trafficking crime (count four). See [D.E. 36, 37, 38]. On February 1, 2018, the court held Culpepper's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 46]; [D.E. 51]; [D.E. 54] 1. The court calculated

Culpepper's total offense level to be 32, his criminal history category to be I, and his advisory guideline range to be 121 to 151 months' imprisonment on counts one and three and 60 months' imprisonment consecutive on count four. See PSR ¶¶ 61–63; [D.E. 44] 1. After granting the government's downward departure motion and considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Culpepper to 108 months' imprisonment on counts one and three and one day of imprisonment consecutive on count four. See [D.E. 51]; [D.E. 52] 3. Culpepper did not appeal.

On June 10, 2024, Culpepper moved for compassionate release. See [D.E. 55]. On October 28, 2024, the government responded in opposition. See [D.E. 68]. On August 26, 2025, the case was reassigned to the undersigned. See [D.E. 69].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Burleigh, 145 F.4th 541, 547 (4th Cir. 2025); United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Burleigh, 145 F.4th at 547; Hargrove, 30 F.4th at 194.

2

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

3

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

On May 29, 2024, the Warden of FCI Butner denied Culpepper's request for compassionate release. See [D.E. 56] 1. Thus, Culpepper has exhausted administrative remedies and the court addresses Culpepper's motion on the merits.

Culpepper seeks compassionate release under section 3582(c)(1)(A) and argues extraordinary and compelling circumstances exist because of his family circumstances. See [D.E. 56] 2–3; [D.E. 66] 4–6. Specifically, Culpepper states that his brother is the primary caregiver for his elderly mother and his sister-in-law, and that his brother has been diagnosed with a serious and

advanced form of cancer. See [D.E. 56] 2–3; [D.E. 66] 5–6. Culpepper's brother, Charles M. "Mike" Culpepper, claimed in September 2024 that he had only a few months left to live. See [D.E. 66-2] 1.

As for the "family circumstances" policy statement, section 1B1.13(b)(3)(C) lists in relevant part the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(C); see also id. § 1B1.13(b)(3)(B) (same, for defendant's spouse or registered partner). Section 1B1.13(b)(3)(D) also includes "any other immediate family member" with "circumstances similar to those listed in paragraphs (3)(A) through (3)(C)" as an extraordinary and compelling reason for compassionate release Id. § 1B1.13(b)(3)(D). Culpepper states that, without his brother Mike, Culpepper's mother and sister-in-law "will be left without a caretaker." [D.E. 66] 6. In a character letter, Culpepper's brother Mike states that his mother "does not get around well and is very nervous if she has to drive more than 20 miles." [D.E. 66-2] 1. Culpepper's brother Mike also states that Culpepper's sister-in-law "can legally drive but she does not trust herself to do so." Id. Culpepper's brother Mike does "almost all the driving, shopping, and meal preparation." Id.

Culpepper fails to show that his mother and sister-in-law are "incapacitated" under the policy statement. U.S.S.G. § 1B1.13(b)(3)(C)–(D); see United States v. Rosario-Cruzado, No. 24-6365, 2025 WL 1540932, at *2–3 (4th Cir. May 30, 2025) (unpublished); United States v. Blevins, No. 1:15CR3, 2026 WL 497306, at *1–2 (W.D. Va. Feb. 23, 2026) (unpublished); United States v. Clack, No. 5:20-CR-543, 2024 WL 4954305, at *3 (E.D.N.C. Dec. 3, 2024) (unpublished); United States v. Roueche, No. CR07-344RSL, 2024 WL 4665568, at *4 (W.D. Wash. Nov. 4, 2024) (unpublished); Delavan v. United States, No. 4:18-CR-23, 2024 WL 2958956, at *4 (E.D.

5

Va. June 12, 2024) (unpublished); <u>United States v. Harris</u>, No. 5:15-CR-111, 2021 WL 6052284, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), <u>appeal</u> <u>dismissed</u>, No. 22-6001, 2022 WL 18228332 (4th Cir. Apr. 13, 2022) (unpublished); <u>United States v. Locklear</u>, No. 7:17-CR-60, 2021 WL 5098691, at *4 (E.D.N.C. Nov. 2, 2021) (unpublished); <u>United States v. White</u>, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (unpublished); <u>United States v. Greene</u>, No. 1:17-CR-12, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020) (unpublished). Alternatively, although Culpepper's mother's and sister-in-law's medical conditions are unfortunate, Culpepper is not the only available caregiver for his mother and sister-in-law. <u>See</u> <u>Blevins</u>, 2026 WL 497306, at *2; <u>Clack</u>, 2024 WL 4954305, at *5; <u>United States v. Graff</u>, No. 1:17CR20-013, 2024 WL 3912947, at *2 (W.D. Va. Aug. 23, 2024) (unpublished); <u>United States v. Taylor</u>, No. CR 06-699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024); <u>Delavan</u>, 2024 WL 2958956, at *4; <u>United States v. Milchin</u>, No. 17-284-1, 2023 WL 7544995, at *1 (E.D. Pa. Nov. 13, 2023) (unpublished); <u>United States v. Conrad</u>, No. 20-22, 2023 WL 7301225, at *2 (D. Mont. Nov. 6, 2023) (unpublished); <u>see</u> <u>also</u> PSR ¶¶ 24–25; [D.E. 66-2] 5–11. Thus, reducing Culpepper's sentence would not comport with U.S.S.G. § 1B1.13(b)(3)(C)–(D).

As for the "other reasons" policy statement, the court assumes without deciding that Culpepper's family members' health issues and Culpepper's post-sentencing conduct are together extraordinary and compelling reasons under section 3582(c)(1)(A). The section 3553(a) factors, however, do not support reducing Culpepper's sentence. <u>See</u> <u>Burleigh</u>, 145 F.4th at 549–53; <u>Hargrove</u>, 30 F.4th at 194–95, 198–200; <u>High</u>, 997 F.3d at 186; <u>Kibble</u>, 992 F.3d at 331–32.

Culpepper is 52 years old and committed serious crimes. Culpepper served as the sergeant at arms for the Desperados motorcycle gang. <u>See</u> PSR ¶¶ 10–12. Culpepper used the gang's clubhouse to store large quantities of methamphetamine sourced from the cartel, and he used the

gang's members to facilitate methamphetamine distribution. See id. ¶ 12 Culpepper frequently exchanged firearms for drugs with cartel members to refill his drug supply. See id. Between 2017 and April 20, 2021, Culpepper was accountable for approximately 5.6 kilograms of methamphetamine (though his plea agreement contained a stipulation to being accountable for at least 1.5 kilograms but less than five kilograms of methamphetamine). See id. ¶¶ 10–13. Culpepper possessed at least 13 firearms, six of which could accept large capacity magazines. See id.

Culpepper also sought to evade responsibility when he was arrested. Investigators arrested Culpepper after he met with his source of supply. See id. ¶ 10. From Culpepper's car, investigators recovered 279.9 grams of Ice, $1,126, and a loaded handgun. See id. Investigators took Culpepper into custody. See id. From jail, Culpepper called his brother Mike and told him the code to a safe in his residence. See id. ¶ 11. Investigators responded to Culpepper's residence, searched the residence, and found 8.81 grams of Ice, drug paraphernalia, six assault rifles with high-capacity magazines, two shotguns, a handgun, ammunition, magazines, and a bullet proof vest. See id.

Although Culpepper cites his lack of a criminal history in support of his motion, the PSR demonstrates that Culpepper's armed drug dealing dated at least to 2017 and escalated over time. See id. ¶¶ 10–13; cf. [D.E. 66] 7. That Culpepper's criminal activity eluded detection for so long demonstrates the need for deterrence. It does not show, as Culpepper suggests, that his "default" is lawful behavior. [D.E. 66] 8; cf. PSR ¶¶ 33–39.

Culpepper has made some positive efforts while incarcerated. Culpepper has obtained his GED and completed numerous educational courses. See [D.E. 66-3] 1; [D.E. 66] 7. Culpepper also has worked in the prison facility's powerhouse, and Culpepper's foreman submitted a

7

character letter on Culpepper's behalf attesting to Culpepper's good performance in that role. See [D.E. 66-2] 4. Of course, the court expects good behavior in prison.

The court has considered the entire record, the section 3553(a) factors, and the parties' arguments. The court has considered Culpepper's serious criminal conduct and the need to punish Culpepper for his criminal behavior, to incapacitate Culpepper, to promote respect for the law, to deter others, and to protect society. The court also has considered Culpepper's arguments about his rehabilitation, family support, his family members' medical circumstances, and the character letters submitted on Culpepper's behalf. See [D.E. 56] 1–25; [D.E. 66] 6–8; [D.E. 66-1] 1–11; [D.E. 66-2] 1–11; [D.E. 66-3] 1. Having considered the entire record, and the need to punish Culpepper, the need to promote respect for the law, and the need to deter others, the court denies Culpepper's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–502 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; Burleigh, 145 F.4th at 549–53; Moody, 115 F.4th at 314–16; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–53 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Taylor, No. 22-6795, 2022 WL 17819301, at *1 (4th Cir. Dec. 20, 2022) (per curiam) (unpublished); United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

8

## III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 55].

SO ORDERED.   This 15 day of May, 2026.

JAMES C. DEVER III
United States District Judge

9